

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0182-07

**FERNANDO LANCON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### WEBB COUNTY

JOHNSON, J., filed a dissenting opinion in which PRICE and HOLCOMB, JJ., joined.

### D I S S E N T I N G   O P I N I O N

The court of appeals, after thoroughly reviewing all of the evidence in a neutral light, concluded that the jury's determination of guilt was "against the great weight and preponderance of the evidence," and therefore reversed the trial court's judgment and remanded the cause for a new trial. *Lancon v. State*, 220 S.W.3d 57 (Tex. App.–San Antonio 2006). Because I believe that the court of appeals correctly stated and properly applied the standard of review, I dissent.

"The factual-conclusivity clause in Article V, § 6, of the Texas Constitution, makes a direct-

appeal court's factual-sufficiency decision final and conclusive upon this Court. *Watson*, at 439.[1] This Court's review of a direct-appeal court's factual-sufficiency decision is limited by the factual-conclusivity clause to determining only whether the direct-appeal court properly applied 'rules of law.'" *Roberts v. State*, 221 S.W.3d 659, 662-63 (Tex. Crim. App. 2007). Our disagreement with the court of appeals' factual-sufficiency decision is simply not a basis for reversing that decision.

Although review of factual sufficiency has been, and continues to be, subject to much dispute, in *Watson* a majority of this Court reiterated that, in order for an appellate court to reverse for factually insufficiency, it must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's guilty verdict. In this case, that is precisely what the court of appeals did. In its section entitled "Evidence Contrary to the Verdict," it detailed a great deal of evidence, which adequately provides that objective basis for overturning the jury's verdict. *Lancon*, 220 S.W.3d at 63-66.[2]

The majority opinion asserts that, because the court of appeals determined that the testimony of two of the state's witnesses was objectively unreliable, it had "concluded that it was not unreasonable to distrust their eyewitness testimony given the circumstances surrounding the

---

[1] *Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006). *See also Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

[2] "These weaknesses and inconsistencies in Dominguez's and Diaz's testimony certainly detract from its reliability. But, standing alone, these factors would not convince us that the evidence is factually insufficient to support the jury's implicit finding that Fernando, rather than [his brother] Eduardo, was the shooter. . . . But what does convince us that the evidence is factually insufficient to support the jury's verdict is viewing the eyewitnesses' testimony–complete with the weaknesses, inconsistencies, and equivocations outlined above–in light of the consistent, detailed testimony set forth above from the defense witnesses, including two of the three participants who admitted their complicity in the shooting . . . and identified Eduardo Lancon as the shooter, and the aunts of both Eduardo and Fernando . . ., each of whom testified that she heard Eduardo admit to having been the shooter moments after the shooting took place. Both factors, taken together, convince us that reversing the judgment against Fernando Lancon and ordering a new trial is 'necessary to arrest the occurrence of a manifest injustice.'(Cite omitted.)" Other testimony indicated that the shooter, like Eduardo, was right-handed, while Fernando is left-handed.

shooting." *Lancon v. State*, No. PD-0182-07 (Tex. Crim. App. delivered _____, 2008, slip op. at 12). The court of appeals's opinion did not articulate any particular "distrust" of those witnesses, but rather determined, after reviewing all of the evidence in the requisite neutral light, that the jury's implicit finding in its guilty verdicts that appellant, rather than his brother Eduardo, was the shooter, was greatly outweighed by the contrary evidence. It therefore concluded that the evidence of appellant's guilt was factually insufficient. *Lancon*, 220 S.W.3d at 66-67. It reached this conclusion after viewing the state's eyewitness testimony, complete with weaknesses, inconsistencies, and equivocations, which it detailed in its opinion, in light of the consistent, detailed testimony from the defense witnesses, which it also detailed in its opinion. *Id*. at 68. It concluded "that reversing the judgment against [appellant] and ordering a new trial is 'necessary to arrest the occurrence of a manifest injustice.'" *Id., quoting Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

As the majority opinion concedes, "the court of appeals accurately stated the standard of review and addressed all of the evidence" and "included a detailed description of the undisputed facts, as well as the evidence supporting and contrary to the conviction." *Lancon v. State*, No. PD-0182-07, slip op. at 11). The majority also notes that "[a]ppellate courts should afford almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility."[3] *Id*. But "almost complete" is not "complete" or "total," even when the jury's decision is based upon a credibility evaluation. The majority opinion seems to say that, from now on, the level of deference due a jury's decision will be total deference when the decision is based on an

---

[3] The majority opinion asserts that "it is equally plausible that [two of the state's witnesses] were telling the truth as it is that they were lying when they testified[,]" and that "it is for the jury to determine if they [sic] believe that [those two witnesses] are lying or telling the truth." *Id*., slip op. at 14.

evaluation of credibility. This eviscerates our case law for reviewing the factual sufficiency of evidence and effectively precludes any sufficiency review when the jury's decision is based upon an evaluation of credibility, which virtually each and every jury verdict is to some extent. "The legal and factual sufficiency standards both require the reviewing court to consider **all** of the evidence. . . . The difference between the two standards is that the former requires the reviewing court to defer to the jury's credibility and weight determinations while the latter permits the reviewing court to substitute its judgment for the jury's on these questions 'albeit to a very limited degree.'" *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006)(quoting *Watson* at 417)(emphasis in original).

The analysis by the court of appeals is very much in line with our prior factual-sufficiency case law, and we should respect its decision, especially in light of the fact that its factual-sufficiency decision is final and conclusive upon this Court pursuant our constitution's factual-conclusivity clause. Because the court of appeals properly applied our rules of law and because this Court has no jurisdiction to re-evaluate factual sufficiency, I respectfully dissent.

Filed: May 14, 2008
Publish